UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JASON BAASE,

             Plaintiff,                             Hon. Robert J. Jonker

v.                                          Case No. 1:23-cv-1071

UNKNOWN WABER, et al.,

             Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendants' Motion for Summary Judgment. (ECF No. 24). Plaintiff has not responded to the motion within the time provided by Western District of Michigan Local Civil Rule 7.2(c). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendants' motion be granted. The undersigned further recommends that Plaintiff's claims against Unknown Olthoff be dismissed without prejudice for failure to timely effect service, and that this case be closed.

## BACKGROUND

Plaintiff initiated this action on October 10, 2023, against five Defendants, Prison Counselor Unknown Waber; Prison Counselor Unknown Johnston; Resident Unit Manager Unknown Heard; Corrections Officer Unknown Palmer; and Social Worker Unknown Olthoff. (ECF No. 1). The record establishes the following facts.

In August 2021, Plaintiff was extorted by his cellmate and his "gang-affiliate buddies[.]" (ECF No. 25-2 at PageID.98).   He initially paid them off but was still robbed of his store purchases on September 2, 2021.   On the same day, Plaintiff informed Defendant Waber of the theft.   In response, Defendant Waber instructed Plaintiff to get a padlock for his possessions.   The next day, Plaintiff informed Waber that he did not feel safe in the unit but did not provide specific details. Defendants Waber and Johnston met with Plaintiff and offered protective custody, which Plaintiff refused.   After the refusal, Defendants Waber and Johnston decided that Units A or F would be plausible options for Plaintiff because they met his medical needs.

Despite the plan to move Plaintiff, he remained in the same unit for the next week.   On September 10, 2021, Plaintiff was assaulted in the bathroom by an unknown inmate.   He was taken to the hospital for medical treatment and moved to Unit D upon his return.

The parties have stipulated to the dismissal of Defendant Palmer. (ECF No. 12, 13).   Defendant Olthoff has not been served. (ECF No. 16).   Defendants Waber, Johnston, and Heard now move for summary judgment.   (ECF No. 24).   They argue that Plaintiff cannot demonstrate that any Defendant had the requisite culpable state of mind for his failure to protect claim.   They also contend that they are entitled to qualified immunity.   Plaintiff has failed to respond to the motion.

## SUMMARY JUDGMENT STANDARD

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  Whether a fact is "material" depends on "whether its resolution might affect the outcome of the case."  *Harden v. Hillman*, 993 F.3d 465, 474 (6th Cir. 2021).

A party moving for summary judgment can satisfy its burden by demonstrating that the non-moving party, "having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case."  *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005).  Once the moving party makes this showing, the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial."  *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006).  The existence of a mere "scintilla of evidence" in support of the non-moving party's position, however, is insufficient.  *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005).

While the Court must view the evidence in the light most favorable to the non-moving party, that party "must do more than simply show that there is some metaphysical doubt as to the material facts."  *Amini*, 440 F.3d at 357.  The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial."  *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006).  Likewise, the non-

moving party cannot merely "recite the incantation, 'credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353-54 (6th Cir. 2004).

Accordingly, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735. Stated differently, the "ultimate question is whether the evidence presents a sufficient factual disagreement to require submission of the case to the jury, or whether the evidence is so one-sided that the moving parties should prevail as a matter of law." *Harden*, 993 F.3d 465 at 474.

Generally, where the non-moving party fails to respond to a motion for summary judgment, "the district court must, at a minimum, examine the moving party's motion for summary judgment to ensure that it has discharged its initial burden." *Miller v. Shore Fin. Servs., Inc.,* 141 F. App'x 417, 419 (6th Cir. 2005) (citing *Stough v. Mayville Cmty. Sch.*, 138 F.3d 612, 614 (6th Cir. 1998)).

<u>**ANALYSIS**</u>

### I.    **Eighth Amendment**

Defendants contend that they are entitled to qualified immunity. The doctrine of qualified immunity provides that government officials performing discretionary functions are generally shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional right

of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *Dietrich v. Burrows*, 167 F.3d 1007, 1012 (6th Cir. 1999). An "objective legal reasonableness" test is used to determine whether the official could reasonably have believed his conduct was lawful. *Anderson v. Creighton*, 483 U.S. 635, 639 (1987). The qualified immunity inquiry requires a court to decide whether the facts as alleged or shown make out a constitutional violation and whether the right that was allegedly violated was a clearly established right at the time of the alleged misconduct. *Pearson v. Callahan*, 555 U.S. 223, 232 (2009). If the court can conclude either that no constitutional violation occurred or that the right was not clearly established, qualified immunity is warranted. The court may consider either prong of the inquiry without regard to sequence. *Id.* at 236.

Plaintiff's failure to protect claim implicates the Eighth Amendment which requires Plaintiff to establish that Defendants were deliberately indifferent to "a substantial risk" that he might suffer "serious harm." *Greene v. Bowles*, 361 F.3d 290, 294 (6th Cir. 2004) (quoting *Farmer v. Brennan*, 511 U.S. 825, 828 (1994)). To establish that Defendants acted with deliberate indifference, Plaintiff must demonstrate that they were "subjectively aware of the risk," but failed "to take reasonable measures to abate it.'" *Greene*, 361 F.3d at 294 (quoting *Farmer*, 511 U.S. at 829, 847).

To prevail on the specific claim that Defendants failed to protect him from an assault by another inmate, Plaintiff must establish: (1) Defendants had reason to

believe Plaintiff would be assaulted by another inmate and (2) they had both the opportunity and means to prevent the assault.   *See, e.g., Burgess v. Fischer*, 735 F.3d 462, 475 (6th Cir. 2013).   Furthermore, that a prison official may have acted negligently is insufficient to establish a violation of the Eighth Amendment.   *See, e.g., Farmer*, 511 U.S. at 835 (to prevail on an Eighth Amendment claim, the plaintiff must establish that the defendant acted with a "state of mind more blameworthy than negligence").

In his deposition, Plaintiff conceded that he never informed Defendant Heard that he felt unsafe or even raised any issue with Defendant Heard. (ECF No. 25-2 at PageID.113).   While Plaintiff may have indicated that he felt unsafe to Defendants Waber and Johnston, he did not inform either of any specific threat.   (*Id.* at PageID.111-112).   Plaintiff only had a generalized sense that something bad may happen. (*Id.*)

Plaintiff cannot demonstrate that Defendants Heard, Waber, or Johnston had the requisite subjective intent for his failure to protect claim.   To the extent that Plaintiff communicated to Defendants about feeling unsafe, these vague and conclusory assertions are insufficient to inform Defendants that there existed any possibility that Plaintiff might be assaulted.   *See, e.g., Reedy v. West*, 988 F.3d 907, 914-15 (6th Cir. 2021).   Furthermore, Defendants Johnston and Waber responded reasonably to the general risk by attempting to move him to a more appropriate housing unit and offering him protective custody.

-6-

Plaintiff has presented no evidence to the contrary. Defendants have demonstrated, therefore, the absence of factual dispute on the question of whether their conduct violated the Eighth Amendment. Accordingly, the undersigned recommends that Defendants' Motion for Summary Judgment be granted.

## II.    Unknown Olthoff

Plaintiff has not served Unknown Olthoff. Rule 4(c) of the Federal Rules of Civil Procedure provides that "[a] summons must be served together with a copy of the complaint." The time frame within which service must be effected is set forth in Rule 4(m), which provides that if service of the summons and complaint is not made upon a defendant within 90 days after the filing of the complaint, "the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time." If the plaintiff demonstrates good cause for such failure, however, the court "must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m).

On February 16, 2024, the Court ordered that Plaintiff's complaint be served. (ECF No. 8). The U.S. Marshals Service has been unable to serve Unknown Olthoff. (ECF No. 16). Plaintiff has not requested an extension of time to effect service on Unknown Olthoff. Considering Plaintiff's lack of diligence, the undersigned recommends that Plaintiff's claims against Unknown Olthoff be dismissed without prejudice for failure to timely effect service.

## **CONCLUSION**

For the reasons articulated herein, the undersigned recommends that Defendants' Motion for Summary Judgment (ECF No. 24) be granted. The undersigned further recommends that Plaintiff's claims against Unknown Olthoff be dismissed without prejudice for failure to timely effect service, and that this case be closed. For the same reasons the undersigned makes this recommendation, the undersigned finds that an appeal of such would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the undersigned further recommends that an appeal of this matter by Plaintiff would not be in good faith.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,


Date: July 2, 2025                    /s/ Phillip J. Green
                                      PHILLIP J. GREEN
                                      United States Magistrate Judge


-8-